**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODNEY CRANEY ) | 3:06-cv-0008-ECR (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| OFFICER KENNETH RIOS, *et al.*, ) | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. ) | August 7, 2007 |

This Report and Recommendation is made to the Honorable Edward C. Reed, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#28). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion (#28) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Rodney Craney ("plaintiff"), acting *in pro se*, was formerly incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Nevada State Prison ("NSP") (#26). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, as well as a state law claim for assault and battery (#4). Plaintiff names as defendants the Las Vegas Metropolitan Police Department ("LVPD") and LVPD Officers Kenneth Rios and Eric Washington. *Id*.

In count I, plaintiff alleges defendants violated his Fourth and Fourteenth Amendment rights by using excessive force while arresting plaintiff on April 1, 2005, by "shooting him twice in the abdomen and kicking him in the back and legs." *Id*. In count II, plaintiff alleges that defendants violated his Fourth and Fourteenth Amendment rights against unreasonable searches and seizures by unreasonably seizing, shooting and kicking him on April 1, 2005. *Id*. In count III, plaintiff alleges that defendant LVPD has a *de facto* practice and policy of failing to train,

1  supervise and discipline its police officers, which results in officers violating the fundamental
2  laws of seizure, arrest, detention, and use of force. *Id*. Plaintiff alleges the LVPD has knowledge
3  of the illegal custom, practice and policy, but has failed to take steps to investigate or terminate
4  these practices. *Id*. In count IV, plaintiff alleges that defendants Rios and Washington
5  intentionally, because he is African-American, and without provocation, committed assault and
6  battery when they shot plaintiff twice in the stomach, "willfully and maliciously" yelled and
7  cursed at him, and "unmercifully stomped and kicked" him in the back and legs while he lay
8  injured on the ground. *Id*.

9  The court filed plaintiff's complaint on January 19, 2006 (#4). At the time of filing,
10  plaintiff was incarcerated at NSP. *Id*. Parties thereafter proceeded to participate in and complete
11  discovery. On October 4, 2006, plaintiff filed a notice of change of address, which stated that he
12  was being released from NSP, and that he would have a Las Vegas address as of November 15,
13  2006 (#26). On November 3, 2006, plaintiff sent another notice of change of address, which
14  stated that he had been moved to Indian Springs, Nevada, in preparation for his November 15,
15  2006 release (#27). Defendants filed a motion for summary judgment on November 7, 2006,
16  serving plaintiff both at NSP in Indian Springs, and at his indicated post-release Las Vegas
17  address (#28). On November 14, 2007, the day prior to plaintiff's release, the court issues its
18  standard *Klingele* order to inform plaintiff of the requirements for opposing a dispositive motion;
19  however, the docket sheet indicates that the order was sent to plaintiff at NSP in Indian Springs
20  (#29). Plaintiff did not file an opposition.

21  This court issued a minute order on March 9, 2007, *sua sponte* granting plaintiff one
22  extension of time, until March 23, 2007, to file an opposition to defendants' motion for summary
23  judgment (#32). The docket sheet indicates that the court also sent this order to plaintiff at NSP
24  in Indian Springs. *Id*. The order was returned on March 19, 2007, and noted that plaintiff had
25  been discharged on November 15, 2006 (#33). Thereafter, plaintiff's address was corrected, and
26  the court granted plaintiff an extension of time until June 27, 2007 to submit his opposition to
27  defendants' motion for summary judgment (#34). On June 27, 2007, plaintiff filed a motion for
28  a thirty-day extension of time in which to seek an attorney (#35). The court granted plaintiff's

motion in part, stating that plaintiff had "**one final extension**" of time until July 25, 2007 to submit an opposition (#36) (emphasis in original).  To date, plaintiff has failed to file an opposition.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(C). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

3

must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### B. Analysis

Defendants argue that plaintiff's allegations that he was unarmed and not engaged in criminal activity at the time of the shooting contradict his guilty plea in the underlying criminal case, thereby violating *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (#28). Defendants further argue that the amount of force used in the shooting incident was "reasonable," and that they are entitled to qualified immunity. *Id*. Defendants also make a number of other immunity arguments. *Id*.

Local Rule 7-2 states "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). The court has reviewed defendants motion for summary judgment and the evidence and concludes that defendant's motion has merit. Plaintiff has been duly warned of the consequences of failing to file an opposition, and has been given ample time to do so. Pursuant to Local Rule 7-2, the court finds that plaintiff consents to each of the defendants' arguments. The court grants summary judgment on all counts.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants' motion has merit and that plaintiff consents to each of defendants' arguments. As such, the court recommends that defendants' motion for summary judgment (#28) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the

1  District Court.

2      2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#28) be **GRANTED**.

**DATED:** August 7, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**